**NO. 23-4411**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## GEORGE FIELDS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**
_____

**BRIEF OF APPELLANT**
_____

**Gregory Dolin
UNIVERSITY OF BALTIMORE SCHOOL OF LAW
1420 N. Charles Street
Baltimore, MD 21201
(410) 837-4610
gdolin@ubalt.edu**

*Counsel for Appellant*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

I. JURISDICTIONAL STATEMENT ............................................... 1

II. STATEMENT OF THE ISSUES ................................................. 2

III. STATEMENT OF THE CASE .................................................... 3

    A. Statement of Facts ............................................................ 4

    B. Procedural History ........................................................... 8

IV. SUMMARY OF ARGUMENT ................................................... 10

V. ARGUMENT .......................................................................... 11

    A. Standard of Review .......................................................... 11

    B. Issues Identified by Counsel ............................................ 11

        1. Ineffective Assistance of Counsel ............................... 12

        2. Requirement that the Defendant Admit All Elements of the Offense ........................................................... 13

        3. Reasonableness of the Sentence Imposed .................. 14

VI. CONCLUSION ....................................................................... 19

POSITION REGARDING ORAL ARGUMENT .................................. 20

CERTIFICATE OF COMPLIANCE ................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anders v. California*,
    386 U.S. 738 (1967)................................................................. 10, 11

*Gall v. United States*,
    552 U.S. 38 (2007)................................................................... 14, 15

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988)......................................................................10

*Penson v. Ohio*,
    488 U.S. 75 (1988)........................................................................10

*Rita v. United States*,
    551 U.S. 338 (2007)......................................................................16

*United States v. Blue*,
    877 F.3d 513 (4th Cir. 2017) ...................................................... 15, 17

*United States v. Booker*,
    543 U.S. 220 (2005)......................................................................14

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ...................................................... 14, 15

*United States v. Craig*,
    985 F.2d 175, 178 (4th Cir.1993) .................................................12

*United States v. Galloway*,
    749 F.3d 238 (4th Cir. 2014) .......................................................12

*United States v. Hernandez*,
    603 F.3d 267 (4th Cir. 2010) .......................................................15

*United States v. Johnson*,
    410 F.3d 137 (4th Cir. 2005) .......................................................12

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ................................................................ 16, 17

*United States v. Mastrapa,*
    509 F.3d 652 (4th Cir., 2007) .............................................................. 13, 14

*United States v. McDonald*,
    850 F.3d 640 (4th Cir. 2017) ....................................................................14

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) ....................................................................17

*United States v. Moreland*,
    437 F.3d 424 (4th Cir. 2006) ....................................................................17

*United States v. Smith*,
    62 F.3d 641, 651 (4th Cir.1995) ................................................................12

*United States v. White*,
    850 F.3d 667 (4th Cir. 2017) ....................................................................16

## Statutory Authorities

18 U.S.C. § 2 ................................................................................................3

18 U.S.C. § 924(c) .......................................................................................3

18 U.S.C. § 924(j) .............................................................................. 3, 7, 11, 13

18 U.S.C. § 1951(a) ............................................................................. 3, 7, 11

18 U.S.C. § 3231 ..........................................................................................1

18 U.S.C. § 3553(a) .............................................................................. 15, 17

28 U.S.C. § 1291 ..........................................................................................1

28 U.S.C. § 2255 ........................................................................................12

## Rules and Regulations

Fed. R. App. P. 4(a)(1)(A) ...........................................................................1

**United States Sentencing Guidelines**

U.S.S.G. § 3E1.1(a)..............................................................................3, 12

U.S.S.G.  3E1.1(b) ...................................................................................13

U.S.S.G. Ch. 5, pt. A ..........................................................................7, 16

# I.     JURISDICTIONAL STATEMENT

This appeal is from the plea and sentence of George Fields ("Mr. Fields" or "the Appellant") in the United States District Court of the District of Maryland before the Honorable George L. Russell, III. Because Mr. Fields was charged with an "offense[] against the laws of the United States," the district court had jurisdiction under 18 U.S.C. § 3231. The sentence was imposed on June 9, 2023 and the final judgment was docketed on June 13, 2023. *United States v. Fields*, No. 1:21-cr-00351-GLR-2 (D. Md.). JA4 (ECF 96, 99). Mr. Fields timely filed his Notice of Appeal on the same day that the judgment was entered. JA27; *see* Fed. R. App. P. 4(a)(1)(A). This Court has jurisdiction over appeals from final judgments of the district court under Title 28 U.S.C. § 1291.

## II.    STATEMENT OF THE ISSUES

After an extensive review of the entire record in this case, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on the Appellant's behalf.  This Court must review the entire record in this case to determine whether there are any meritorious issues that Counsel has overlooked.

In the alternative, Counsel submits to this Court that the sentence imposed of 300 months, which falls below the advisory guidelines range for an offense level of 40 with criminal category VI, should be reviewed for reasonableness.

## III.   STATEMENT OF THE CASE

The Appellant, George Fields, was indicted on September 8, 2021, and charged with one count of "Hobbs Act robbery conspiracy" in violation of 18 U.S.C. § 1951(a) and 18 U.S.C § 2, JA6; one count of "Hobbs Act robbery," in violation of  18 U.S.C. § 1951(a), JA7, and one count of "Use and Discharge of a Firearm During a Crime of Violence," in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j), JA8.  On June 28, 2022, Mr. Fields entered into a written plea agreement with the Government agreeing to plead guilty to Counts I ("conspiracy") and III ("Use of Firearm") of the Indictment, in exchange for the Government agreeing to Dismiss Count II ("Robbery"), as well as recommending a reduction of the offense level that would otherwise be applicable pursuant to the federal sentencing guidelines.  JA9-17.[1]

As part of the plea agreement, the parties stipulated that under the United States Sentencing Guidelines, the "total offense level" for the charge to which Mr. Fields was pleading guilty was 43.   JA13.  The parties also agreed that the Government would "not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a)," and further agreed that the Government would "offense level pursuant to U.S.S.G. § 3E1.1(a)," thus bringing an overall offense level to 40.  JA13.

_____

[1] The Agreement was docketed with the District Court on August 22, 2022—the day Mr. Fields was re-arraigned.  *See* JA3 (ECF 60).

3

Mr. Fields formally entered his plea in front of the Hon. George L. Russell, III on August 22, 2022, JA28-57, and was formally sentenced on June 9 of the following year, JA103-150.  The District Court entered final judgment four days later, on June 13, sentencing Mr. Fields to 240 months imprisonment, on Count I and 300 months on Count III, to run concurrently with the sentence on Count I.  JA21-26.  The sentence was below the range of the U.S. Sentencing Guidelines for an offense level of 40, and a defendant with the criminal history category VI.  JA79-80 (noting that under the Guidelines, the recommended sentence is between 360 months to life).  Mr. Fields was also sentenced to a three-year term of supervised release on Count I and a five-year term on Count III, with both standard and special conditions of release, JA23, and a $200 mandatory assessment, JA25.

The Appellant filed notice of appeal on June 13, 2023.  JA27.

### A.    *Statement of Facts*

At the Appellant's arraignment the Government recited facts that parties "stipulate[d] and agree[d] that if the case had proceeded to trial, th[e Government] would have proven."  JA46-47.  The recitation was as follows:

> The robbery and murder took place shortly before 5 a.m. in the parking lot of America's Best Value Inn at 6510 Frankford Avenue in Baltimore, Maryland. Williams had been staying at the hotel for several months under a fictitious name and selling drugs on the premises.

4

On the morning in question, Johnson gave Daniel a ride to the hotel on the ruse that Daniel would be selling drugs to the defendant and Williams. A hotel surveillance camera captured the incident. Johnson and Daniel pulled into the hotel parking lot in Johnson's Honda Odyssey at approximately 4:24 a.m. Johnson was in the driver's seat and Daniel was in the front passenger's seat. The defendant, George Fields, and Williams approached the van. The defendant held out money as though he was ready to make a purchase from Daniel. Then the defendant and Williams began robbing Daniel. During the robbery, Johnson walked to the rear of the van and smoked. The defendant and Williams pinned Daniel down in the front passenger seat of the van and went through his pockets. Daniel struggled and flailed his arms and legs. Williams pulled out a handgun and pointed it at Daniel's chest area as he struggled. Then Williams fired a single shot into Daniel's chest at close range. Daniel stumbled away from the van and collapsed to the ground. …

Johnson got back into the driver's seat of the van and Williams and the defendant got into the front and rear passenger's seats respectively. They drove away from the scene.

The first 911 call came in at approximately 4:54 a.m. Medics arrived on scene on 4:59 a.m. Daniel sustained a single through-and-through gunshot wound to the upper right chest and died at Johns Hopkins Hospital later that day. No drugs, money, or cell phone were recovered from his personal effects.

Later that morning while police were still processing the crime scene, Johnson, Williams, and the defendant arrived back at the hotel parking lot in Johnson's Honda Odyssey. All three reentered the hotel together. Recognizing the van from the security camera footage, BPD detectives towed the vehicle and detained Johnson. They later executed a search warrant on the van and recovered a single bullet from the front row carpet.

5

On October 1st of 2020, BPD detectives executed a search warrant at Johnson's cell phone. The phone contained evidence of the plot to rob Daniel. Highlights of the evidence are listed in the plea agreement. … There are messages between Johnson and Williams about a "lick" which is street terminology for a robbery. Also calls between Johnson and the victim before the murder. And then in the hours before and after the murder, calls between Johnson and Williams.

A cell phone was also seized from Williams at the time of his arrest and was searched pursuant to a federal search warrant. In the month or so leading up to the murder, Williams exchanged dozens of messages establishing that he was staying at the America's Best Value Inn, that he was dealing drugs out of the hotel, and that he was in dire need of money. The phone also contained messages immediately following the murder in which Williams made plans to dispose of the murder weapon and directed another individual to destroy evidence.

The defendant admits that he conspired with Williams and Johnson to take Daniel's property against his will by actual or threatened force, violence, or fear of injury. The defendant further admits that as a result of his actions, interstate commerce or an item moving in interstate commerce was obstructed, delayed, or affected. Specifically, Jordan Daniel was robbed of drugs, drug proceeds, and a cell phone.

The defendant further admits that during and in furtherance of the robbery, Williams used, carried, brandished, and discharged a firearm resulting in Daniel's death which constituted murder.

JA47-50 (original orthography preserved).[2]

---

[2] Additional information regarding the factual basis of the plea appears in

Mr. Fields agreed that the Court's "an accurate summary of the facts contained within" the written plea agreement, JA50, and further agreed that he "did, in fact, do the things as indicated in" that agreement, JA50. The District Court accepted the plea. JA54.

A pre–sentence report ("PSR") was prepared. JA58-87. The PSR calculated the total offense level to be 40, consistent with the parties' agreement to credit Mr. Fields with a 3-level reduction for early acceptance of responsibility. JA64-65. The PSR also revealed that Mr. Fields had significant prior criminal history, thus making his criminal history category level VI. JA65-72. Neither side filed objections to the report. JA105-107.[3]

Under the Sentencing Guidelines, the recommended sentencing range for an individual with Criminal History Category VI and an offense level 40 is 360 months to life imprisonment. JA79-80; U.S.S.G. ch. 5, pt. A. However, the statutory maximum for Count I is capped at 20 years or 240 months. JA79 (citing 18 U.S.C. § 1951(a)).[4]

---

Attachment A to the plea agreement, JA19-20, which Mr. Fields stipulated to.

[3] Mr. Fields made two requests regarding his PSR, and the Court granted both. JA106.

[4] The statutory maximum for Count III is life imprisonment. *See* JA79 (citing 18 U.S.C. 924(j)).

At sentencing, the Government recommended a carceral sentence of 25 years (300 months), JA93, whereas Mr. Fields argued for a sentence of "somewhere in the neighborhood of 180 months … all the way up to 220 months." JA133. In addition to the attorneys for both parties, the Court also heard from the victim's mother, Ms. Rochele Cunningham, JA119-123, victim's family friend, Ms. Antonese Logan, JA124-126, and Mr. Fields himself, JA140-142. The Court also indicated that it considered parties' written submissions, as well as sentencing disparities between various defendants. JA105, JA145.

### B.     Procedural History

The procedural history of this matter is generally set forth in the preceding section. This section, therefore, will focus on the District Court's sentencing decision for that decision may be of particular importance to this Court's review of the entire record.

One particular issue is of note. The court below was presented with evidence of sentences imposed on other offenders within the District of Maryland who have committed similar crimes and based on this evidence, the trial judge was urged to impose a sentence consistent with sentences imposed in those case. *See* JA133. The Court acknowledged that it must "consider[] the unwarranted sentencing disparities among co-defendants," but did not go into much detail explain why the sentence imposed meets this requirement, beyond stating that the victim "presented as a vulnerable adult." *See* JA145.

After setting forth its statement of reasons for the record, the District Court imposed a sentence of 300 months, followed by a three-year term of supervised release on Count I and a five-year term on Count III, both with a variety of conditions attached. JA146-147.

The present appeal followed.

## IV.    SUMMARY OF ARGUMENT

This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, (1988) and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for the Appellant has determined, after a conscientious examination of the whole record of the Appellant's case, that there are no meritorious grounds for appeal. In the alternative, Counsel submits to this Court that the sentence imposed of 300 months, which is below the advisory guideline range for an offense level 40 with Criminal History Category VI, should be reviewed for reasonableness.

## V.    ARGUMENT

### A.    Standard of Review

The standard of review of an Anders submission is *de novo* of the entire record and all pertinent documents.  *Anders*, 386 U.S. at 744.

### B.    Issues Identified by Counsel

At the outset, it should be noted that Mr. Fields waived his right to appeal either the conviction or the sentence imposed so long as the sentence was below the statutory maximum.  *See* JA14; JA41.  During his plea colloquy the waiver was explained to him, and Mr. Fields indicated that he understood his rights and the import of waiving them.  JA41.  Because the statutory maximum sentence for Count III is life imprisonment, *see* 18 U.S.C. § 924(j),[5] well above the sentence imposed, it would generally appear that the waiver of appellate rights contained in Mr. Fields's plea agreement precludes the present appeal.

Nonetheless, Counsel for the Appellant has conducted a thorough and extensive search of the record in order to identify any meritorious grounds for an appeal.  Having done so, the undersigned Counsel has concluded that there are no such grounds to be raised.

---

[5] The maximum statutory sentence on Count I is 240 months, *see* JA79 (citing 18 U.S.C. § 1951(a)), which is less than the Guidelines recommendation.  The sentence imposed on Count I did not exceed the statutory maximum.  JA79 (citing 18 U.S.C. § 924(j)).

The following issues have been considered by the undersigned Counsel, none of which appear to be meritorious.

### 1.    Ineffective Assistance of Counsel

"Even if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Craig*, 985 F.2d 175, 178 (4th Cir.1993)). However, claims for ineffective assistance of counsel are generally not cognizable on direct appeal and must await a motion brought under 28 U.S.C. § 2255. *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) ("It is well established that 'a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal *if and only if it conclusively appears* from the record that . . . counsel did not provide effective assistance. Otherwise, [he] must raise [his] claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255 ....'") (quoting *United States v. Smith*, 62 F.3d 641, 651 (4th Cir.1995)) (emphasis in original).

From the record, it does not appear, much less conclusively, that Mr. Fields's trial counsel was ineffective.  The trial counsel negotiated a plea agreement under which the Government was not only not going to oppose a 2-level "acceptance of responsibility" reduction under U.S.S.G. 3E1.1(a), but was also going to support an

additional 1-level reduction under U.S.S.G. 3E1.1(b). Furthermore, Appellant's trial counsel conducted research into Mr. Fields's family and social background and researched sentenced imposed in comparable cases. *See* JA97-101; JA134-140.

Further still, counsel for Mr. Fields convinced the Court to take account Mr. Fields's personal characteristics and behavior leading to downward departure from the recommended sentencing guidelines. JA97-101; JA134-140.

In light of the fact that Mr. Fields was potentially facing a term of life imprisonment, *see* 18 U.S.C. § 924(j), the trial counsel's advice to plead guilty and secure a more favorable sentence, does not "conclusively appear[]" to be constitutionally deficient. The trial counsel's argument for a more significant downward departure from the guidelines range, though ultimately unsuccessful, *see* JA75-83, also indicates that the counsel was not obviously constitutionally deficient.

For these reasons, a claim for ineffective assistance of counsel (and with it, involuntariness of the guilty plea) is, in the view of undersigned Counsel, inappropriate to this stage of the proceedings.

2.    <u>Requirement that the Defendant Admit All Elements of the Offense</u>

In *United States v. Mastrapa*, 509 F.3d 652 (4th Cir., 2007) this Court held that prior to accepting a guilty plea, the District Court must be satisfied that a factual basis for such a plea exists and is admitted by the defendant. Under *Mastrapa*, failure to admit to the factual basis supporting the charge requires a reversal of a

13

guilty plea and a remand for a new Rule 11 colloquy. *Id.* at 655. Unlike the defendant in *Mastrapa* who protested Government's characterization of his activities, *id.* at 658-59, Mr. Fields admitted the factual basis for his plea. *See* JA47-50. For this reason, the undersigned Counsel has concluded that a *Mastrapa* claim would not be meritorious.

### 3.    Reasonableness of the Sentence Imposed

Whether or not this Court concludes that Mr. Fields's appellate rights with respect to the sentence imposed were waived, it must still ensure that the District Court complied with the Supreme Court's directives on the proper sentencing procedures.

This Court reviews the sentence imposed by the district court for reasonableness. *United States v. Booker,* 543 U.S. 220 (2005). In reviewing the sentence imposed, this Court must

> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007). Then, "[i]f, and only if, [this Court] find[s] the sentence procedurally reasonable can [it] consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (quoting *United States*

*v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)).  *See also Gall*, 552 U.S. at 51

("Assuming that the district court's sentencing decision is procedurally sound, the

appellate court should then consider the substantive reasonableness of the sentence

imposed under an abuse-of-discretion standard.").

"[T]he district court must begin its sentencing proceeding 'by correctly

calculating the applicable Guidelines range .... [T]he Guidelines should be the starting

point and the initial benchmark." *United States v. Blue*, 877 F.3d 513, 517 (4th Cir.

2017) (quoting *Gall*, 552 U.S. at 49).  The District Court must then consider the

advisory guidelines range in conjunction with the factors outlined in 18 U.S.C.

§ 3553(a) and other appropriate grounds for a departure of variance.  *United States*

*v. Hernandez*, 603 F.3d 267, 270 (4th Cir. 2010).

The District Court recognized that this is the correct procedure.  *See* JA105-

118, JA142-145.  Both the Government and Mr. Fields agreed that the District

Court calculated the guideline range correctly.  JA107-109.  The District Court

also considered the relevant factors in imposing the sentence, including Mr.

Fields's prior family and social history, and sentences imposed on similarly

situated defendants.  JA142-145.  Thus, in a considered view of the undersigned

Counsel, the argument that the sentence is procedurally flawed would not be

meritorious.

Next, in determining the substantive reasonableness of the sentence, this Court takes the view that "[a] within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). *See also Rita v. United States*, 551 U.S. 338, 347 (2007) (permitting, though not requiring, appellate courts to "apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines.").

In this case, the Appellant's sentence of 300 months was below the guidelines range for an offense level 40 with Criminal History Category VI. JA79; U.S.S.G. ch. 5, pt. A. Thus, the sentence imposed is presumptively reasonable, *White*, 850 F.3d at 674; *Rita*, 551 U.S. at 347, and the undersigned Counsel has not been able to identify any facts to overcome this presumption.

Finally, the district court must adequately explain its sentence to allow the appellate courts to engage in a meaningful review. *See United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) ("[A] court must demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'") (quoting *Rita*, 551 U.S. at 356).

The only potential issue of note is that the District Court's analysis of the need to avoid "unwarranted sentencing disparities among co-defendants," JA145, was superficial. This Court has previously held that during sentencing court "fail[s] to explain why it rejected [a defendant's] nonfrivolous arguments for a downward

16

departure," any sentence imposed is procedurally unreasonable, and must be vacated. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (citing *Lynn*, 592 F.3d 572). At the same time, this Court recognized that the sentencing "court need not robotically tick through § 3553(a)'s every subsection," so long as the "court's explanation [is] elaborate enough to allow "an appellate court to effectively review the reasonableness of the sentence." *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotations omitted).

The District Court's explanation of the sentence that was ultimately imposed spans five full pages of the transcript, JA142-147, and the trial judge explicitly stated that while he considered Mr. Fields's arguments regarding sentences imposed on other defendants, he also explained that he took into account the fact that the victim was particularly vulnerable. JA145.

The District Court's explanation of the sentence imposed thus, in the opinion of the Undersigned Counsel, meets the requirements of *Blue*, *Lynn*, and *Montes-Pineda*, *supra*, and is sufficient to permit this Court to engage in meaningful review of the sentence below. The explanation provided at JA142-147 shows that the court below did not consider an improper basis when imposing a sentence, and satisfies the requirement that a sentencing court not expressly reject a policy articulated by Congress or the Sentencing Commission. *See United States v. Moreland,* 437 F.3d 424, 434 (4th Cir. 2006). Accordingly, it does not appear that the District Court

17

abused its discretion in imposing a term of imprisonment of 300 months, and consequently, the undersigned Counsel believes that an appeal on this issue would not be meritorious.

## VI.    CONCLUSION

For the foregoing reasons, the Appellant, George Fields, respectfully requests that this Court examine the record in its entirety and grant relief to him as appears warranted.

Respectfully submitted this the 16th day of November, 2023.

/s/ Gregory Dolin
Gregory Dolin
University of Baltimore School of Law
1420 N. Charles Street
Baltimore, MD  21201
(410) 837-4610
gdolin@ubalt.eu

*Counsel for the Appellant*

## POSITION REGARDING ORAL ARGUMENT

Counsel for the Appellant does not request that the Court consider granting an

oral argument in this matter.

/s/ Gregory Dolin
Gregory Dolin
University of Baltimore School of Law
1420 N. Charles Street
Baltimore, MD 21201
(410) 837-4610
gdolin@ubalt.eu

*Counsel for the Appellant*

## CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

This document contains 3,582 words.

2.    This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated:  November 16, 2023                    Respectfully submitted,

/s/ Gregory Dolin
Gregory Dolin
University of Baltimore School of Law
1420 N. Charles Street
Baltimore, MD  21201
(410) 837-4610
gdolin@ubalt.eu

*Counsel for the Appellant*