**NO. 23-4411**

In The

# United States Court Of Appeals
## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

# GEORGE FIELDS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

————————

**JOINT APPENDIX
Volume I of II
(Pages 1 - 27)**

————————

**Gregory Dolin**
**UNIVERSITY OF BALTIMORE SCHOOL OF LAW**
**1420 N. Charles Street**
**Baltimore, MD 21201**
**(410) 837-4610**
**gdolin@ubalt.edu**

**Kim Y. Hagan**
**OFFICE OF THE**
  **UNITED STATES ATTORNEY**
**36 South Charles Street**
**4th Floor**
**Baltimore, MD 21201**
**(410) 209-4800**
**kim.hagan@usdoj.gov**

*Counsel for Appellant*

*Counsel for Appellee*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# <u>TABLE OF CONTENTS</u>
## Appendix – Vol. I of II

**Page:**

**District Court Docket Sheet [1:21-cr-00351-GLR-2]**...................................**JA1**

**Indictment**
      **filed September 8, 2021 [DE1]**................................................................**JA6**

**Plea Agreement**
      **filed June 9, 2022 [DE60]** ........................................................................**JA9**

**Judgment in a Criminal Case**
      **filed June 13, 2023 [DE99]** ...................................................................**JA21**

**Notice of Appeal**
      **filed June 13, 2023 [DE98]** ..................................................................**JA27**

# TABLE OF CONTENTS
## Appendix – Vol. II of II – Under Seal

**Page:**

**Transcript of Plea Agreement Hearing**
**Before the Honorable George Levi Russell, III**
> on August 22, 2022 [DE130] ...................................................................JA28

**Presentence Investigation Report**
> filed November 8, 2022 [DE73] ...........................................................JA58

**Government Sentencing Memorandum**
> filed June 1, 2023 [DE86] ......................................................................JA88

**Defendant Memorandum in Aid of Sentencing**
> filed June 8, 2023 [DE94] ......................................................................JA95

**Transcript of Sentencing Hearing**
**Before the Honorable George Levi Russell, III**
> on June 9, 2023 [DE123]........................................................................JA103

**Query    Reports    Utilities    Help    Log Out**

APPEAL

# U.S. District Court
## District of Maryland (Baltimore)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00351-GLR-2

Case title: USA v. Williams, et al

Date Filed: 09/08/2021

Date Terminated: 06/13/2023

---

Assigned to: Judge George Levi Russell, III

Appeals court case number: 23-4411 USCA

**Defendant (2)**

**George Fields**
*TERMINATED: 06/13/2023*
*also known as*
Chin
*TERMINATED: 06/13/2023*

represented by **Christopher John Purpura**
Law Office of William Purpura
8 E. Mulberry St
Baltimore, MD 21202
14107278550
Fax: 14109341147
Email: cjpurpura@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**Teresa Whalen**
Law Office of Teresa Whalen
801 Wayne Ave Ste 400
Silver Spring, MD 20910
13015881980
Email: Whalenesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**Pending Counts**

18:1951(a) HOBBS ACT ROBBERY CONSPIRACY;
18:2 AIDING AND ABETTING
(1)

18:924(c), 18:924(j), 18:1111 USING, CARRYING,
BRANDISHING, DISCHARGING A FIREARM
DURING AND IN RELATION TO A CRIME OF
VIOLENCE, RESULTING IN DEATH; 18:2 AIDING
AND ABETTING
(3)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1951(a) HOBBS ACT ROBBERY CONSPIRACY;
18:2 AIDING AND ABETTING
(2)

**Disposition**

IMPRISONMENT for a total term of 240 months as
to count 1; 300 months as to count 3 Terms to run
concurrent; SUPERVISED RELEASE for a term of 3
years as to Count 1; 5 years as to Count 3;
ASSESSMENT $200.00

IMPRISONMENT for a total term of 240 months as
to count 1; 300 months as to count 3 Terms to run
concurrent; SUPERVISED RELEASE for a term of 3
years as to Count 1; 5 years as to Count 3;
ASSESSMENT $200.00

**Disposition**

DISMISSED

## JA1

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                    **Disposition**

None

---

**Plaintiff**

**USA**                                          represented by   **Christina A Hoffman**
                                                                 US Attorney's Office
                                                                 District of Maryland
                                                                 36 S. Charles Street, Suite 400
                                                                 Baltimore, MD 21201
                                                                 4102094871
                                                                 Fax: 4109623124
                                                                 Email: christina.hoffman@usdoj.gov
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Designation: Assistant US Attorney*

                                                                 **Kim Y. Hagan**
                                                                 U.S. Attorney s Office (USA/FPD)
                                                                 36 S. Charles Street
                                                                 4th Floor
                                                                 Baltimore, MD 21201
                                                                 410-209-4800
                                                                 Email: kim.hagan@usdoj.gov
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2021 | 1 | SEALED INDICTMENT as to Joseph Williams (1) count(s) 1-2, 3, George Fields (2) count(s) 1-2, 3, Deron Johnson (3) count(s) 1-2. (bmhs, Deputy Clerk) (Entered: 09/09/2021) |
| 09/08/2021 | 3 | MOTION to Seal by USA as to Joseph Williams, George Fields, Deron Johnson. (bmhs, Deputy Clerk) (Entered: 09/09/2021) |
| 09/08/2021 | 4 | ORDER granting 3 Motion to Seal as to Joseph Williams (1), George Fields (2), Deron Johnson (3). Signed by Magistrate Judge J. Mark Coulson on 9/8/2021. (bmhs, Deputy Clerk) (Entered: 09/09/2021) |
| 10/01/2021 | 8 | MOTION to Unseal Indictment by USA as to Joseph Williams, George Fields, Deron Johnson. (bmhs, Deputy Clerk) (Entered: 10/01/2021) |
| 10/01/2021 | 9 | ORDER granting 8 Motion to Unseal Indictment as to Joseph Williams (1), George Fields (2), Deron Johnson (3). Signed by Magistrate Judge A. David Copperthite on 10/1/2021. (bmhs, Deputy Clerk) (Entered: 10/01/2021) |
| 10/01/2021 |  | Case unsealed as to Joseph Williams, George Fields, Deron Johnson (bmhs, Deputy Clerk) (Entered: 10/01/2021) |
| 11/03/2021 | 17 | Initial Appearance as to George Fields (Defendant informed of Rights.) held on 11/3/2021 before Magistrate Judge Thomas M. DiGirolamo.(FTR Gold) (yks, Deputy Clerk) (Entered: 11/03/2021) |
| 11/03/2021 | 18 | ORDER pursuant to Fed R Crim P 5(f) and the Due Process Protections Act as to George Fields. Signed by Magistrate Judge Thomas M. DiGirolamo on 11/3/2021. (bmhs, Deputy Clerk) (Entered: 11/04/2021) |
| 11/03/2021 | 19 | CJA 23 Financial Affidavit by George Fields (bmhs, Deputy Clerk) (Entered: 11/04/2021) |
| 11/03/2021 | 20 | ORDER OF DETENTION as to George Fields. Signed by Magistrate Judge Thomas M. DiGirolamo on 11/3/2021. (bmhs, Deputy Clerk) (Entered: 11/04/2021) |
| 11/08/2021 | 28 | PAPERLESS NOTICE Joint Initial Status Report due on or before 1/10/2022. Status report should address if plea negotiations in progress; if counsel believe case will resolve short of trial; or if trial schedule should be set. (dafs, Chambers) (Entered: 11/08/2021) |
| 11/12/2021 | 34 | Arrest Warrant Returned Executed on 11/3/21 in case as to George Fields(bmhs, Deputy Clerk) (Entered: |

| | | 11/12/2021) |
|---|---|---|
| 11/15/2021 | 35 | CJA 20 as to George Fields: Appointment of Attorney Teresa Whalen for George Fields. Signed by Judge George Levi Russell, III on 10/29/2021. (bmhs, Deputy Clerk) (Entered: 11/15/2021) |
| 01/03/2022 | 40 | CJA 20 as to George Fields: Appointment of Attorney Christopher John Purpura for George Fields. Signed by Judge George Levi Russell, III on 11/3/2021. (bmhs, Deputy Clerk) (Entered: 01/03/2022) |
| 02/07/2022 | 44 | STATUS REPORT by USA as to Joseph Williams, George Fields, Deron Johnson (Hoffman, Christina) (Entered: 02/07/2022) |
| 02/09/2022 | 45 | MARGINAL ORDER as to Joseph Williams, George Fields, Deron Johnson approving 44 Status Report; and directing parties to file further status report on or before 3/18/2022. Signed by Judge George Levi Russell, III on 2/9/2022. (bmhs, Deputy Clerk) (Entered: 02/09/2022) |
| 02/28/2022 | 46 | Sealed Document (bmhs, Deputy Clerk) (Entered: 02/28/2022) |
| 03/17/2022 | 49 | STATUS REPORT by USA as to Joseph Williams, George Fields, Deron Johnson (Hoffman, Christina) (Entered: 03/17/2022) |
| 03/17/2022 | 50 | Consent MOTION for Speedy Trial *Exclusion* by USA as to Joseph Williams, George Fields, Deron Johnson. (Attachments: # 1 Text of Proposed Order)(Hoffman, Christina) (Entered: 03/17/2022) |
| 03/17/2022 | 51 | MARGINAL ORDER approving 49 Status Report and directing parties to file further status report on or before 4/15/22, absent resolution as to Joseph Williams, George Fields, Deron Johnson. Signed by Judge George Levi Russell, III on 3/17/2022. (bmhs, Deputy Clerk) (Entered: 03/17/2022) |
| 03/17/2022 | 52 | ORDER granting 50 Motion for Speedy Trial Exclusion as to Joseph Williams (1), George Fields (2), Deron Johnson (3). Signed by Judge George Levi Russell, III on 3/17/2022. (bmhs, Deputy Clerk) (Entered: 03/17/2022) |
| 04/19/2022 | 53 | STATUS REPORT by USA as to Joseph Williams, George Fields, Deron Johnson (Hoffman, Christina) (Entered: 04/19/2022) |
| 04/20/2022 | 54 | MARGINAL ORDER approving 53 Status Report and directing parties to file further status report on or before 5/20/2022, absent resolution as to Joseph Williams, George Fields, Deron Johnson. Signed by Judge George Levi Russell, III on 4/20/2022. (bmhs, Deputy Clerk) (Entered: 04/20/2022) |
| 04/29/2022 | 55 | Consent MOTION for Speedy Trial *Exclusion* by USA as to Joseph Williams, George Fields, Deron Johnson. (Attachments: # 1 Text of Proposed Order)(Hoffman, Christina) (Entered: 04/29/2022) |
| 04/29/2022 | 56 | ORDER granting 55 Motion for Speedy Trial Exclusion as to Joseph Williams (1), George Fields (2), Deron Johnson (3). Signed by Judge George Levi Russell, III on 4/29/2022. (dass, Deputy Clerk) (Entered: 05/02/2022) |
| 06/13/2022 | 57 | Consent MOTION for Speedy Trial *Exclusion* by USA as to Joseph Williams, George Fields, Deron Johnson. (Attachments: # 1 Text of Proposed Order)(Hoffman, Christina) (Entered: 06/13/2022) |
| 06/13/2022 | 58 | ORDER granting 57 Motion for Exclusion from Computation under the Speedy Trial Act as to Joseph Williams (1), George Fields (2), Deron Johnson (3). Signed by Judge George Levi Russell, III on 6/13/2022. (bmhs, Deputy Clerk) (Entered: 06/14/2022) |
| 07/12/2022 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to George Fields. PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 7/12/2022. An interpreter will not be needed. Plea Agreement Hearing set for 8/22/2022 11:30 AM in Courtroom 7A, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge George Levi Russell III.(Oldham, Kim) (Entered: 07/12/2022) |
| 08/22/2022 | 59 | Arraignment as to George Fields (2) held on 8/22/2022. Plea of Guilty entered as to Counts 1 and 3, plea of Not Guilty entered as to Count 2 before Judge George Levi Russell, III. (R. Carrick - Courtroom 7A)(Court Reporter: Nadine Bachmann) (rc2s, Deputy Clerk) (Entered: 08/22/2022) |
| 08/22/2022 | 60 | PLEA AGREEMENT as to George Fields (rc2s, Deputy Clerk) (Entered: 08/22/2022) |
| 08/22/2022 | 61 | -SEALED- PLEA SUPPLEMENT as to George Fields (rc2s, Deputy Clerk) (Entered: 08/22/2022) |
| 08/22/2022 | 62 | Regular Sentencing Order as to George Fields. Signed by Judge George Levi Russell, III on 8/22/2022. (rc2s, Deputy Clerk) (Entered: 08/22/2022) |
| 08/22/2022 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to George Fields. PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 8/22/2022. An interpreter will not be needed. Sentencing set for 10/27/2022 11:00 AM in Courtroom 7A, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge George Levi Russell III.(Hoffman, Christina) (Entered: 08/22/2022) |
| 09/27/2022 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to George Fields. PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 9/27/2022. An interpreter will not be |

JA3

District of Maryland (CM/ECF Live NextGen 1.7.1.1)

| | | |
|---|---|---|
| | | needed. Sentencing set for 2/3/2023 11:30 AM in Courtroom 7A, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge George Levi Russell III.(Oldham, Kim) (Entered: 09/27/2022) |
| 11/04/2022 | 72 | NOTICE OF ATTORNEY APPEARANCE Kim Yon Oldham appearing for USA.(Oldham, Kim) (Entered: 11/04/2022) |
| 01/20/2023 | | Amended PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to George Fields. *Amended to Reflect New Date & Time* PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 1/20/2023. An interpreter will not be needed. Sentencing set for 4/13/2023 02:00 PM in Courtroom 7A, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge George Levi Russell III.(Hoffman, Christina) (Entered: 01/20/2023) |
| 05/23/2023 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to George Fields. PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 5/23/2023. An interpreter will not be needed. Sentencing set for 6/9/2023 02:00 PM in Courtroom 7A, 101 West Lombard Street, Baltimore, Maryland 21201, before Judge George Levi Russell III.(Oldham, Kim) (Entered: 05/23/2023) |
| 06/01/2023 | 85 | MOTION to Seal by USA as to George Fields. (Attachments: # 1 Text of Proposed Order)(Oldham, Kim) (Entered: 06/01/2023) |
| 06/01/2023 | 86 | **SEALED DOCUMENT** (Oldham, Kim) Modified on 6/2/2023 (mg3s, Deputy Clerk). (Entered: 06/01/2023) |
| 06/02/2023 | 88 | MOTION to Seal by George Fields. (Attachments: # 1 Text of Proposed Order)(Whalen, Teresa) (Entered: 06/02/2023) |
| 06/02/2023 | 89 | **SEALED DOCUMENT** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2a, # 3 Exhibit 2b, # 4 Exhibit 3)(Whalen, Teresa) Modified on 6/5/2023 (mg3s, Deputy Clerk). (Entered: 06/02/2023) |
| 06/02/2023 | 91 | ORDER granting 85 Motion to Seal as to George Fields (2). Signed by Judge George Levi Russell, III on 6/2/2023. (mg3s, Deputy Clerk) (Entered: 06/02/2023) |
| 06/05/2023 | 92 | ORDER granting 88 Motion to Seal as to George Fields (2). Signed by Judge George Levi Russell, III on 6/2/2023. (mg3s, Deputy Clerk) (Entered: 06/05/2023) |
| 06/08/2023 | 93 | MOTION to Seal by George Fields. (Attachments: # 1 Text of Proposed Order)(Whalen, Teresa) (Entered: 06/08/2023) |
| 06/08/2023 | 94 | **SEALED DOCUMENT** (Whalen, Teresa) Modified on 6/9/2023 (mg3s, Deputy Clerk). (Entered: 06/08/2023) |
| 06/09/2023 | 95 | ORDER granting 93 Motion to Seal as to George Fields (2). Signed by Judge George Levi Russell, III on 6/9/2023. (mg3s, Deputy Clerk) (Entered: 06/09/2023) |
| 06/09/2023 | 96 | Sentencing as to George Fields held on 6/9/2023 before Judge George Levi Russell, III.(Court Reporter: Ronda Thomas) (FTR: C. Barnickel-Courtroom 7A) (cb5s, Deputy Clerk) (Entered: 06/09/2023) |
| 06/13/2023 | 98 | NOTICE OF APPEAL by George Fields Fee Status: CJA. (Whalen, Teresa) (Entered: 06/13/2023) |
| 06/13/2023 | 99 | JUDGMENT as to George Fields (2), Count(s) 1, 3, IMPRISONMENT for a total term of 240 months as to count 1; 300 months as to count 3 Terms to run concurrent; SUPERVISED RELEASE for a term of 3 years as to Count 1; 5 years as to Count 3; ASSESSMENT $200.00; Count(s) 2, DISMISSED. Signed by Judge George Levi Russell, III on 6/13/2023. (mg3s, Deputy Clerk) (Entered: 06/13/2023) |
| 06/14/2023 | 101 | Transmission of Notice of Appeal and Docket Sheet as to George Fields to US Court of Appeals re 98 Notice of Appeal - Final Judgment (bw5s, Deputy Clerk) (Entered: 06/14/2023) |
| 06/15/2023 | 102 | USCA Case Number 23-4411 as to George Fields for 98 Notice of Appeal - Final Judgment filed by George Fields. Case Manager - Marcy E. Beall. (bw5s, Deputy Clerk) (Entered: 06/15/2023) |
| 06/23/2023 | 105 | ORDER of USCA appointing Gregory Dolin, CJA counsel to George Fields re 98 Notice of Appeal - Final Judgment (kos, Deputy Clerk) (Entered: 06/23/2023) |
| 07/10/2023 | 111 | TRANSCRIPT ORDER ACKNOWLEDGMENT by George Fields for proceedings held on 6/9/2023 before Judge George Levi Russell, III, Transcript due by 8/16/2023 (Court Reporter: Ronda J. Thomas). (bw5s, Deputy Clerk) (Entered: 07/10/2023) |
| 07/10/2023 | 112 | TRANSCRIPT ORDER ACKNOWLEDGMENT by George Fields for proceedings held on 8/2/2022 before Judge George Levi Russell, III, Transcript due by 8/16/2023 (Court Reporter: Nadine Gazic). (bw5s, Deputy Clerk) (Entered: 07/10/2023) |
| 07/14/2023 | 119 | ORDER of USCA consolidating USCA case nos. 23-4411 and 23-4466 as to George Fields re 98 Notice of Appeal - Final Judgment (kos, Deputy Clerk) (Entered: 07/14/2023) |
| 08/09/2023 | 122 | Sealed Document (rt, Court Reporter) (Entered: 08/09/2023) |

| 08/09/2023 | [123](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to George Fields for dates of 6/9/2023 before Judge George Levi Russell, III, re [98](#) Notice of Appeal - Final Judgment Court Reporter Ronda Thomas, Telephone number 410-962-4504, ronda_thomas@mdd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Does this satisfy all appellate orders for this reporter? - Y. Redaction Request due 8/30/2023. Redacted Transcript Deadline set for 9/11/2023. Release of Transcript Restriction set for 11/7/2023. Redaction Request due 8/30/2023. Redacted Transcript Deadline set for 9/11/2023. Release of Transcript Restriction set for 11/7/2023. (rt, Court Reporter) (Entered: 08/09/2023) |
|---|---|---|
| 08/29/2023 | [130](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to George Fields for dates of 08/22/2022 before Judge Russell, re [98](#) Notice of Appeal - Final Judgment Court Reporter Nadine Bachmann, Telephone number 410-962-4753/nadine_bachmann@mdd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Does this satisfy all appellate orders for this reporter? - Y. Redaction Request due 9/19/2023. Redacted Transcript Deadline set for 9/29/2023. Release of Transcript Restriction set for 11/27/2023. Redaction Request due 9/19/2023. Redacted Transcript Deadline set for 9/29/2023. Release of Transcript Restriction set for 11/27/2023. (ng, Court Reporter) (Entered: 08/29/2023) |
| 08/29/2023 | [131](#) | Sealed Document (nb, Court Reporter) (Entered: 08/29/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/01/2023 17:26:38 | | |
| **PACER Login:** | tmstuckey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cr-00351-GLR |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# JA5

# SEALED

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 SEP 18  PM 3: 15

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

KSC/09.07.21
CAH/KYO: USAO 2020R00886

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | UNDER SEAL |
| | * | |
| v. | * | CRIMINAL NO. GLR 21 cr 351 |
| | * | |
| JOSEPH WILLIAMS, | * | (Hobbs Act Robbery Conspiracy, 18 |
| a/k/a "Blue," | * | U.S.C. § 1951(a); Hobbs Act Robbery, |
| | * | 18 U.S.C. § 1951(a); Using, Carrying, |
| GEORGE FIELDS, | * | Brandishing, and Discharging a |
| a/k/a "Chin," and | * | Firearm During and in Relation to a |
| | * | Crime of Violence, Resulting in Death, |
| DERON JOHNSON, | * | 18 U.S.C. § 924(c), (j); Aiding & |
| | * | Abetting, 18 U.S.C. § 2) |
| Defendants. | * | |

*******

## INDICTMENT

## COUNT ONE
### (Hobbs Act Robbery Conspiracy)

The Grand Jury for the District of Maryland charges that:

On or about September 29, 2020, in the District of Maryland, the defendants,

**JOSEPH WILLIAMS, a/k/a "Blue,"**
**GEORGE FIELDS, a/k/a "Chin," and**
**DERON JOHNSON,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and

unknown to the Grand Jury to obstruct, delay, and affect commerce and the movement of an

article and commodity in commerce by robbery, as those terms are defined in 18 U.S.C. § 1951,

by the unlawful taking of property, including narcotics and the proceeds of narcotics trafficking,

from the person and presence of Jordan Daniel.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

**JA6**

**COUNT TWO**
**(Hobbs Act Robbery)**

The Grand Jury for the District of Maryland charges that:

On or about September 29, 2020, in the District of Maryland, the defendants,

**JOSEPH WILLIAMS, a/k/a "Blue,"**
**GEORGE FIELDS, a/k/a "Chin," and**
**DERON JOHNSON,**

did knowingly and intentionally obstruct, delay, and affect commerce, and attempt to obstruct,

delay, and affect commerce, and the movement of articles and commodities in such commerce

by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendants did unlawfully

and knowingly take and obtain property, including narcotics and the proceeds of narcotics

trafficking, from the person and presence of Jordan Daniel, against Daniel's will by means of

actual and threatened force, violence, and fear of injury, immediate and future, to Daniel's

person, by means of a firearm and deadly weapon.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

2

**JA7**

**COUNT THREE**
**(Using, Carrying, Brandishing, Discharging a Firearm During and**
**in Relation to a Crime of Violence, Resulting in Death)**

The Grand Jury for the District of Maryland charges that:

On or about September 29, 2020, in the District of Maryland, the defendants,

**JOSEPH WILLIAMS, a/k/a "Blue," and**
**GEORGE FIELDS, a/k/a "Chin,"**

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of

violence for which they may be prosecuted in a court of the United States, namely, interference

with commerce by robbery, in violation of 18 U.S.C. § 1951(a), as charged in Count Two of this

Indictment, which is incorporated by reference; and in the course of a violation of 18 U.S.C. §

924(c), did cause the death of a person, Jordan Daniel, through the use of a firearm, which killing

constituted murder in the first degree, as defined in 18 U.S.C. § 1111.

18 U.S.C. § 924(c)
18 U.S.C. § 924(j)
18 U.S.C. § 1111
18 U.S.C. § 2

*Jonathan Lenzner* /CAH
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson                              9/8/21

                                         Date

3

**JA8**

*KSC/06.09.2022*



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Kim Y. Oldham*
*Assistant United States Attorney*
*Kim.Oldham@usdoj.gov*

*Mailing Address:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*Office Location:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*DIRECT: 410-209-4944*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*

USDC- BALTIMORE
'22 AUG 22 PM12:22

June 9, 2022

Teresa Whalen
801 Wayne Avenue, Suite 400
Silver Spring, MD 21201
Glen Arm, Maryland 21057

> Re:    United States v. George Fields
>        Criminal No. 21-CR-0351-GLR

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, George Fields (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by June 17, 2022 it will be deemed withdrawn. The terms of the Agreement are as follows:

## Offense(s) of Conviction

1.    The Defendant agrees to plead guilty to Counts One and Three of the Indictment, which charges the Defendant with Hobbs Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2, and Using, Carrying, Brandishing, Discharging a Firearm During and in Relation to a Crime of Violence, Resulting in Death, in violation of 18 U.S.C. § 924(c), 18 U.S.C. § 924(j), and 18 U.S.C. § 2. The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

## Elements of the Offense(s)

2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

### Count One: Hobbs Act Robbery Conspiracy, 18 U.S.C. § 1951(a)

That on or about the dates alleged in the Indictment, in the District of Maryland:

    a.    Two or more persons agreed to commit a Hobbs Act robbery,

    b.    The Defendant knew the essential objective of the conspiracy; and

Rev. August 2018

**JA9**

Case 1:21-cr-00351-GLR  Document 60  Filed 08/22/22  Page 2 of 12

       c.     The Defendant knowingly and voluntarily joined the conspiracy.

Count Three: Using, Carrying, Brandishing Discharging a Firearm During and in Relation to a Crime of Violence, Resulting in Death, 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j)

That on or about the dates alleged in the Indictment, in the District of Maryland:

       a.     The Defendant committed a crime of violence for which he might be prosecuted in a court of the United States, namely, Hobbs Act robbery as charged in Count Two of the Indictment,

       b.     The Defendant used, carried, brandished, and discharged a firearm during and in relation to such crime,

       c.     The use of the firearm caused the death of a person, namely, Jordan Daniel; and

       d.     The killing was murder as defined in 18 U.S.C. § 1111.

## Penalties

3.     The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 18 U.S.C. § 1951(a) | N/A | 20 years | 3 years | $250K | $100 |
| 3 | 18 U.S.C. § 924(j) | 10 years | Life or death[1] | 5 years | $250K | $100 |

       a.     Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

       b.     Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

       c.     Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

---

[1]     The United States Attorney's Office has been authorized not to seek the death penalty against the Defendant.

Rev. August 2018

2

**JA10**

d.      Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e.      Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

Rev. August 2018

3

**JA11**

    d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Rev. August 2018

4

**JA12**

#### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

        a.      This Office and the Defendant further agree that with respect to Hobbs Act robbery conspiracy, the applicable base offense level is **43** pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 2B3.1(c), 2A1.1 and 2X1.1(a) because a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111.

        b.      With respect to using, possessing, brandishing, discharging a firearm during and in relation to a crime of violence resulting in death, the applicable base offense level is **43** pursuant to U.S.S.G. §§ 2K2.1(c)(1)(B) and 2A1.1.

        c.      Pursuant to the grouping rules of U.S.S.G. § 3D1.2, Counts One and Three "group," and the combined offense level remains at **43.**

        d.      This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. The adjusted offense level is **40.**

7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Rev. August 2018

**JA13**

## Obligations of the Parties

9.     At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

10.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release.

c.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

11.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

12.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities.

Rev. August 2018

**JA14**

13.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

14.     The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

15.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Defendant's Conduct Prior to Sentencing and Breach

16.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

17.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

Rev. August 2018

## Court Not a Party

18.    The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

19.    This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Christina A. Hoffman
Kim Y. Oldham
Assistant United States Attorneys

_____/S/_____

Christina A. Hoffman
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6-28-22
Date

George Fields

Rev. August 2018

8

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

$6/28/22$

Date                                                 Teresa Whalen, Esquire

## **ATTACHMENT A**

### **STIPULATION OF FACTS**

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On September 29, 2020, the Defendant, George Fields, a/k/a "Chin," conspired with Joseph Williams, a/k/a "Blue," and Deron Johnson, a/k/a "DJ," to rob 16-year-old Jordan Daniel of drugs and drug proceeds. During the course of the robbery, Williams shot and killed Daniel.

The robbery and murder took place shortly before 5:00 AM in the parking lot of America's Best Value Inn at 6510 Frankford Avenue in Baltimore, Maryland. Williams had been staying at the hotel for several months under a fictitious name and selling drugs on the premises. On the morning in question, Johnson gave Daniel a ride to the hotel on the ruse that Daniel would be selling drugs to the Defendant and Williams.

A hotel surveillance camera captured the entire incident. Johnson and Daniel pulled into the hotel parking lot in Johnson's Honda Odyssey minivan at approximately 4:24 AM. Johnson was in the driver's seat, and Daniel was in the front passenger seat. The Defendant and Williams approached the van. The Defendant held out money as though he was ready to make a purchase from Daniel. Then the Defendant and Williams began robbing Daniel. During the robbery, Johnson walked to the rear of the van and smoked. The Defendant and Williams pinned Daniel down in the front passenger seat of the van and went through his pockets. Daniel struggled and flailed his arms and legs. Williams pulled out a handgun and pointed it at Daniel's chest area as he struggled. Then Williams fired a single shot into Daniel's chest at close range. Daniel stumbled away from the van and collapsed to the ground. Johnson got back into the driver's seat of the van, and Williams and the Defendant got into the front and rear passenger seats, respectively. They drove away from the scene.

The first 911 call came in at approximately 4:54 AM, and medics arrived on scene at approximately 4:59 AM. Daniel sustained a single, through-and-through gunshot wound to the upper right chest and died at Johns Hopkins Hospital later that day. No drugs, money, or cell phone were recovered from his personal effects.

Later that morning, while police were still processing the crime scene, Johnson, Williams, and the Defendant arrived back at the hotel parking lot in Johnson's Honda Odyssey minivan. All three re-entered the hotel together. Recognizing the van from the security camera footage, BPD detectives towed the vehicle and detained Johnson. They later executed a search warrant on the van and recovered a single bullet from the front row carpet.

On October 1, 2020, BPD detectives executed a search warrant on Johnson's cell phone. The phone contained evidence of the plot to rob Daniel. Highlights of the evidence include the following:

Rev. August 2018

10

**JA18**

- At 3:05 AM, Johnson received a text from Williams that said: "Yu posed to be my dog I goin get a stem for yu n yu left man I mean dis yo fuc yu don't come to my room n if I catch yu on my floor ima smacc da shit out yu mattafact anymore best inn for yu only reason I'm out cause I'm trying find a lic dummy." A "lick" is a commonly used street term for a robbery.

- Between 3:02 AM and 4:13 AM, Johnson exchanged several calls and text messages with the victim, Daniel.

- In the hours before and after the murder, Johnson exchanged several calls with phone numbers used by Williams.

- On October 1, 2020, Johnson received a text message that said: "Yo saw your boy blue [*i.e.*, Williams] at Frankford like ain't nothing happened what an asshole after you shoot a kid bro please don't hang around that dude or you going to be in a cell right next to him bro you got a family to lose he has nothing."

- Johnson's phone contained photographs, dated September 25, 2020, depicting Johnson standing with the Defendant and Williams. In the photographs, Williams was wearing a distinctive black satchel matching the one he wore in the murder footage (and from which he appeared to retrieve the handgun used to shoot the victim).

- The contact list in Johnson's phone contained a contact for the Defendant.

A cell phone was also seized from Williams at the time of his arrest and was searched pursuant to a federal search warrant. In the month or so leading up to the murder, Williams exchanged dozens of messages establishing that he was staying at the America's Best Value Inn, that he was dealing drugs out of the hotel, and that he was in dire need of money. The phone also contained messages immediately following the murder in which Williams made plans to dispose of the murder weapon and directed another individual to destroy evidence.

The Defendant admits that he conspired with Williams and Johnson to take Daniel's property, against his will, by actual or threatened force, violence, or fear of injury. The Defendant further admits that as a result of his actions, interstate commerce, or an item moving in interstate commerce, was obstructed, delayed, or affected. Specifically, Daniel was robbed of drugs, drug proceeds, and a cell phone. The Defendant further admits that during and in furtherance of the robbery, Williams used, carried, brandished, and discharged a firearm, resulting in Daniel's death, which constituted murder.

SO STIPULATED:

_____/S/_____
Christina A. Hoffman

Rev. August 2018

11

**JA19**

Kim Y. Oldham
Assistant United States Attorneys

George Fields
Defendant

Teresa Whalen
Counsel for Defendant

# United States District Court
## District of Maryland

CB
✓ FILED ___ ENTERED
___ LOGGED _____ RECEIVED

12:16 pm, Jun 13 2023

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

UNITED STATES OF AMERICA

v.

**GEORGE FIELDS**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: GLR-1-21-CR-00351-002

Defendant's Attorney: Teresa Whalen and Christopher Purpura
Assistant U.S. Attorney: Kim Oldham and Adeyemi Adenrele

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __1 and 3 of the Indictment__
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1951(a), 18:2 | Hobbs Act Robbery Conspiracy; Aiding and Abetting | 09/29/2020 | 1 |
| 18:924(c), 18:924(j), 18:2 | Using, Carrying, Brandishing, Discharging A Firearm During and In Relation To A Crime Of Violence, Resulting In Death; Aiding and Abetting | 09/29/2020 | 3 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 543 U.S. 220 (2005).

☐ The defendant has been found not guilty on count(s) _____
☒ Counts **2 of the Indictment** is/are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

June 9, 2023
Date of Imposition of Judgment

6/13/2023
Date

George L. Russell III
United States District Judge

Name of Court Reporter: Ronda Thomas

**JA21**

Sheet 2 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                                                                    Judgment Page 2 of 6

**DEFENDANT: George Fields**                                                    CASE NUMBER: GLR-1-21-CR-00351-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __240 months as to count 1; 300 months as to count 3 Terms to run concurrent__.

☒ The court makes the following recommendations to the Bureau of Prisons:
1. That the defendant participate in the RDAP program if he is eligible.
2. That the defendant participate in a vocational services program if he is eligible.
3. That the defendant participate in a mental health treatment program if he is eligible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

☐ before 2pm on _____.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By:_____
DEPUTY U.S. MARSHAL

Sheet 3 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019) _____ Judgment Page 3 of 6

**DEFENDANT: George Fields**                                    CASE NUMBER: GLR-1-21-CR-00351-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to Count 1; 5 years to Count 3.**

#### The defendant shall comply with all of the following conditions:

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A.   MANDATORY CONDITIONS

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) You must cooperate in the collection of DNA as directed by the probation officer.
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B.   STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**JA23**

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)      Judgment Page 4 of 6

**DEFENDANT: George Fields**      CASE NUMBER: GLR-1-21-CR-00351-002

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13) You must follow the instructions of the probation officer related to the conditions of supervision.

## C. SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods. You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

# JA24

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                                    Judgment Page 5 of 6

**DEFENDANT: George Fields**                                      CASE NUMBER: GLR-1-21-CR-00351-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5B.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | N/A | N/A | N/A | N/A |

☐ CVB Processing Fee $30.00

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**TOTALS**                 $ _____          $ _____

☐ Restitution amount ordered pursuant to plea agreement _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Sheet 6 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)      Judgment Page 6 of 6

**DEFENDANT: George Fields**      CASE NUMBER: GLR-1-21-CR-00351-002

## SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ **Special Assessment to be paid in full immediately.**

B ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C ☐ Not later than _____; or

D ☐ Installments to commence _____ day(s) after the date of this judgment.

E ☐ In _____ (*e.g. equal weekly, monthly, quarterly*) installments of $_____ over a period of _____ year(s) to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☐ **NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.**

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

     ☐ in equal monthly installments during the term of supervision; or

     ☐ on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**JA26**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Case No.:  GLR 21-351** |
| | * | |
| **GEORGE FIELDS,** | * | |
| **Defendant.** | | |
| | *      *      * | |

### NOTICE OF APPEAL

Comes now, George Fields, by and through Teresa Whalen and Christopher Purpura, appointed counsel, and notes an appeal in the above matter.  Mr. Fields requests the appointment of another member of the Criminal Justice Act panel to represent him on the appellate matter.

Respectfully submitted,

*Teresa Whalen*
_____
Teresa Whalen, Esquire
Federal Bar No.: 25245
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905

**JA27**